In the Matter of DOMENICO COLASUONNO, Petitioner, against CLARENCE A. DASSLER, as Building Inspector of the City of New Rochelle, Respondent.

Supreme Court, Westchester County, November 24, 1944.

*Richard J. Hendrick* for petitioner.

*Aaron Simmons, Corporation Counsel (John F. Bodmer* of counsel), for respondent.

COYNE, J.  This is a proceeding under article 78 of the Civil Practice Act in the nature of mandamus to compel the Building Inspector of the City of New Rochelle to issue a permit for the erection of a " chicken house " on certain property owned by petitioner situated in the city of New Rochelle. The plan contemplates the erection of a building 100 feet long by 30 feet wide.  The court is cognizant of the fact that it is of adequate proportions to accommodate seven to eight hundred full-grown chickens, or several thousand chicks or partly grown chickens. The papers show that petitioner intends " to sell the chickens " and " any eggs that he might obtain, at retail and wholesale, whereever he might obtain a market ".  The property involved is a two and one-half acre plot having a frontage of 145 feet on Pelham Road by approximately 570 feet deep.  A two-family dwelling, part of which is occupied by the petitioner, is on the property.  In his brief, petitioner intimates that he intends to engage in dirt farming to the extent of raising feed for the chickens on the premises.

The property is located in a residential district.  Commercial enterprises are prohibited, except, such commercial uses as are specifically allowed under the ordinance.  The return alleges that the erection of the proposed building for the use intended would violate the provisions of the Zoning Ordinance of the City of New Rochelle (art. III, § 1, subd. [f], R-1 Districts [Residence]).  The exceptions to the Ordinance permit the following use under subdivision (f) of section 1: " Farms, truck-gardens, nurseries or green houses provided that any green house heating plant is distant at least 30 feet from any lot line and no fertilizer be stored within 50 feet of any lot line."

The question presented is whether the building sought to be erected and the use to which it is to be put constitutes a

" Farm " within the purview of subdivision (f). Petitioner contends that the project is a chicken farm and comes within the accepted uses. Respondent contends that it is not a " Farm " within the purview of the Ordinance and urges that the intended use is virtually a commercial enterprise. In support of their contentions, various definitions of the term " Farm " have been submitted by petitioner and respondent. As stated in *Effell Realty Corporation* v. *City of New York* (165 Misc. 176, 179, affd. 256 App. Div. 972, affd. 282 N. Y. 541): " Reference is made to definitions to be found in the dictionaries. Courts are not trammeled by such abstract definitions. It is seldom that a word or expression does not yield to more than one meaning. The spirit rather than the letter of the law determines the construction which should be given to it." In making a determination in the present proceeding, consideration must be given to all of the surrounding circumstances as they tend to assist in construing the questionable term " Farms ". Words used in an ordinance will not be extended beyond their ordinary meaning to include uses not customarily incidental to the uses permitted by the words. Zoning restrictions are " the product of far-sighted planning calculated to promote the general welfare of the city at some future time " (*Arverne Bay Construction Co.* v. *Thatcher*, 278 N. Y. 222, 230). The primary purpose of the residence district created by the Zoning Ordinance herein was to insure and promote a safe, comfortable and healthful atmosphere of family life, rather than the development of a commercial enterprise and the pursuit of pecuniary profit. (*Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288; *People* v. *Gold*, 6 N. Y. S. 2d 264, 269.)

In the present proceeding, the court cannot close its eyes to the avowed intention of the petitioner to engage in the sale of chickens and eggs on what would appear to be a comparatively large scale. The court is not unmindful of the statement that petitioner intends to engage in tilling the soil for the purpose of raising feed for the chickens. Considering the small area available for the raising of feed, as against the quantity and nature of the feed which will necessarily be required, little attention need be given to this phase of the proposed venture. In my opinion, the contemplated undertaking violates the prohibition against commercial enterprises, and does not fall within the meaning and spirit of the words " Farms " as used in the Ordinance. The Building Inspector was justified in denying petitioner's application for the issuance of a permit.

Final order granted in favor of respondent, and petition dismissed, without costs.