TOBE DEUTSCHMANN *vs.* BOARD OF APPEALS OF CANTON
(and a companion case[1]).

Norfolk. December 5, 1949. — February 7, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Zoning. Farm. Canton. Equity Jurisdiction,* Plaintiff's clean hands. *Words,* "Products raised on farms."

The mere fact that a farmer, after an adverse decision by a board of appeals of a town upon an application for a permit to erect on his farm a roadside stand for the sale of products raised on the farm, began construction of the stand without such permit pending determination of an appeal by him to the Superior Court under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, did not bar him from the relief he sought.

Under a zoning by-law of the town of Canton permitting "the sale of products raised on farms" in the town from roadside stands "providing the products principally sold are raised on the premises," a permit should have been granted to a farmer in the town for the construction of a suitable roadside stand for the sale of milk shakes, cheeses and ice cream made from milk and cream produced on his farm.

BILL IN EQUITY, filed in the Superior Court on July 19, 1948, by way of appeal from a decision of the board of appeals of the town of Canton affirming the denial by the selectmen of an application by the plaintiff for the permit described in the opinion. Also a

BILL IN EQUITY, filed in the Superior Court on July 23, 1948.

The suits were heard together by *Goldberg,* J. In the first suit, a final decree was entered vacating the decision of the board of appeals, adjudging "that milk and cream, as well as milk shakes, cheese and ice cream made on the" plaintiff's "premises from milk or cream raised on his farm shall be considered farm products, and the sale thereof shall be permitted on the premises," and directing that the permit be

---

[1] The companion case is Town of Canton *vs.* Tobe Deutschmann.

issued to the plaintiff. · In the second case, a decree was entered dismissing the bill.

*E. J. Galligan*, Town Counsel, for the Board of Appeals of Canton and another.

*E. J. Flavin*, for Deutschmann.

COUNIHAN, J. These are appeals from final decrees entered in suits tried together in the Superior Court. The judge made findings of fact and rulings of law, and the evidence is reported. The suits involve the construction of § 6 (e) of the zoning by-law of the town of Canton alleged to have been adopted by virtue of G. L. (Ter. Ed.) c. 40, § 25, as appearing in St. 1933, c. 269, § 1, which in effect authorizes a town by by-law to divide the town into districts and within such districts to regulate and restrict the use of land. There was some doubt about the validity of this by-law because of imperfections in its adoption, but it was later validated by St. 1949, c. 178.

The judge after a hearing on a statement of agreed facts, with some oral testimony, found that Deutschmann was the owner of a large parcel of land in Canton on which he operated "Indian Line Farm," a dairy farm, with a large number of well bred cattle and a substantial investment of money in modern equipment for farming and the production of dairy products; that he duly applied for a permit to build a structure to be used, as he stated in his application, for *"Dairy products — Ice cream stand . . . Products to be principally sold are raised on the premises"* (emphasis supplied); that after a denial of the application for this permit by the selectmen, he duly appealed to the board of appeals of Canton; and that after an adverse decision by that board he duly appealed to the Superior Court sitting in equity as provided by said c. 40, § 30, as appearing in St. 1933, c. 269, § 1, which in so far as material reads, "Any person aggrieved by a decision of the board of appeals . . . may appeal to the superior court sitting in equity . . .. It shall hear all pertinent evidence and determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of such board, or make such other decree as jus-

tice and equity may require." The pertinent part of the Canton zoning by-law (§ 6), in so far as material, reads, "In single residence districts . . . no new . . . structure shall be . . . constructed and no land . . . structure or part thereof shall be used except for one or more of the following purposes: . . . (e) *Farms . . . and the sale of products raised on farms in the town of Canton from any suitable form of roadside stand, providing the products principally sold are raised on the premises*" (emphasis supplied).

It was agreed, and the judge so found, that the proposed structure was a suitable form of roadside stand. The judge further found that Deutschmann proposed to sell from this stand milk in cartons and in paper cups, milk shakes, ice cream and cheese; that the ice cream was to be made on the farm from milk and cream produced on the farm with the addition of sugar, flavoring and gelatin; and that the ingredients of the milk shakes, except flavoring, and of the cheese would be raised on the farm. The judge further found that the representatives of the town agreed that, if the sale of such ice cream came within the purview of § 6 (e) of the zoning by-law, Deutschmann was entitled to build the proposed structure and that, if this were so, the bill of the town should be dismissed. The judge so found and ordered decrees to be entered accordingly.

The town, however, asserts and argues that relief should be denied Deutschmann because he began to construct the roadside stand without a permit after the denial of his appeal by the board of appeals, and that he is therefore in equity without clean hands. This contention cannot be sustained. The doctrine of clean hands is not one of absolutes and should be so applied as to accomplish its purpose of promoting public policy and the integrity of the courts. *MacCormac* v. *Flynn*, 313 Mass. 547, 549–550. *Walsh* v. *Atlantic Research Associates, Inc.* 321 Mass. 57, 65–66. To bar Deutschmann the relief afforded by G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, would result in unusual hardship, disproportionate to his action in starting the building, in that it would forever preclude him from

obtaining a permit to build which we now say he was legally entitled to receive. No such penalty ought to be inflicted in all of the circumstances of this case.

We therefore consider the issue here involved on its merits. It has been decided by our court that farming activities are not confined to the tilling of land and the harvesting of crops. Land may be utilized for grazing by livestock, or in raising hay for cows for the production of milk and other dairy products. *Lincoln* v. *Murphy*, 314 Mass. 16, 19. See also *Winship* v. *Inspector of Buildings of Wakefield*, 274 Mass. 380; *Moulton* v. *Building Inspector of Milton*, 312 Mass. 195. Our attention has been directed to no decision of our court upon the particular issue here raised, and we have discovered none. A similar issue, however, was decided in *Kimball* v. *Blanchard*, 90 N. H. 298, wherein a zoning by-law, similar to that here, exempted from its restriction a farm and permitted the owner to sell "farm produce on the premises." There, as here, the owner of the farm asserted the right to sell "ice cream made on the farm from the products of the farm, milk shakes, [and] cheese," free from the provisions of the zoning by-law. At page 301 it was said, "we conclude that it could not have been the purpose of the provision in question to prohibit a farmer . . . from selling on his own land a commodity composed primarily of agricultural raw material there produced. The interpretation for which the defendants contend would place under the ban such common farm-'manufactured' products as cider, maple syrup, butter, and cheese. If there had been any intention to restrict the farmer's sales to farm produce in its natural state, the qualifying phrase could easily have been employed."

The judge relied on this case in arriving at his conclusions and we agree with him.

We are not unmindful of decisions in *Commissioner of Corporations & Taxation* v. *Assessors of Boston*, 321 Mass. 90, 94–95, and in *Assessors of Boston* v. *Commissioner of Corporations & Taxation*, 323 Mass. 730, 744, on which the town relies. In each of these cases there were circum-

stances which materially distinguish them from the cases at bar. The fact that the products are not in their natural state does not mean that they cease to be products raised on the farm of their owner, who seeks there to sell them. We believe that the nature of the article to be sold is not the sole test, but where, by whom and in what fashion the article is produced are considerations of importance. We do not believe that one who on his premises processes milk and cream from cows on his premises thereby ceases to be a farmer, selling on his farm products there raised. See *State* v. *Christensen*, 18 Wash. (2d) 7, 33.

*Decrees affirmed.*