In the Matter of ARTHUR JOHNSON et al., Petitioners, against JOHN E. DEBAUN, as Building Inspector of Town of Ramapo, et al., Respondents.

Supreme Court, Special Term, Rockland County, October 16, 1954.

*Kennedy, Teale & Kennedy* for petitioners.

*David Moses* for respondents.

EAGER, J. This is an article 78 proceeding brought against the building inspector and zoning board of appeals of the Town of Ramapo to compel the issuance of a building permit to petitioners to erect upon petitioners' farm, a building to be used for the purpose of raising pigs. The building is proposed to be 15 feet wide by 100 feet long, and to contain eight pigpens. It is proposed that the pens will be used for the purpose of housing sows, particularly after they are bred, with their litters to be disposed of and removed shortly after birth. These facts appear on the application for the permit and from statements made at the hearing before the board of appeals.

The petitioners claim that, under the provisions of the local ordinance, they are entitled to the permit as a matter of right. It is their claim that the applicable zoning ordinance permits the use of the petitioners' premises for " farm " purposes and that the building in question is a proper farm building. It is alleged by them that the premises are a part of a farm of 38 acres, principally used for the raising of crops for the market, with a reasonable number of chickens and sheep kept on the farm. Formerly, some cows, hogs and horses were raised and kept on the farm.

The premises in question are in a Residence " 01 " District, and the local ordinance provides: " Section 1. *Residence ' 01 ',* *' 02 ' and ' 03 ' Districts.* A. In a Residence ' 01 ', ' 02 ' or ' 03 ' District no building or premises shall be used, and no building or part of a building shall be erected which is arranged, intended or designed to be used, in whole or in part, for any purpose except the following with its usual accessories: * * * (h) Farm, truck garden, nursery or greenhouse. Customary incidental farm occupations such as the making of cider, the bottling of milk and cream, the repair of farm imple-

ments, and cold storage of farm produce, together with the lease or cooperative use of space in structures used for these and similar purposes, provided any structure so used is not within 100 feet of a street, or nearer than 200 feet from any other property line, or uses more than 10 horse power or more than one employee, except that a cold storage plant may use 20 horse power, or that the lease or cooperative use by others than the farm owner or original lessee does not exceed 50 per cent of the total use of such facilities.''

The court holds, however, that the extensive raising of pigs to be sold and disposed of shortly after birth is not among the '' usual accessories '' to a farm of the nature of the one that is owned and operated by the petitioners. The court is of the opinion that raising of pigs in such quantities or for purposes not usual to the operation of farms in the community, is not generally embraced within a zoning ordinance provision allowing the use of premises as a '' farm ''. Unless clearly so indicated, the enactors of such an ordinance may not be held to have intended to permit the carrying on principally in buildings of specialized and substantial animal or fowl raising operations as a permitted '' farm '' use, or as incidental or a usual accessory to '' farming '' or to the operation of a ''farm ''. (See *Matter of Colasuonno* v. *Dassler,* 183 Misc. 904; *Town of Lincoln* v. *Murphy,* 314 Mass. 16 and *Chudnov* v. *Board of Appeals of Town of Bloomfield,* 113 Conn. 49.)

In any event, it was specifically held by the board of appeals that the proposed structure was to be located so as to be in violation of the provisions of the ordinance above quoted in effect prohibiting the use of certain farm structures within 200 feet of any property line. There is no question but that it is to be located within 200 feet of a neighbor's line. The board stated that it construed the particular provisions '' to mean that any structure which is used in furtherance of the operation of a farm may not be nearer than 200 feet from any other property line. The structure as proposed by the Appellants is in conflict with this provision and no cogent reasons are presented to permit us to waive this plain requirement of the Ordinance. It seems to us that this provision was intended to keep the farm building away from neighbors and thus remove the neighbor from the odors, noise, etc., and other conditions which customarily surround a farm occupation.''

Counsel for the petitioners contends that the particular provisions are not applicable to the ordinary types of farm buildings, such as dairy barns, chicken houses, hogpens, etc., and

that such buildings are permitted as usual accessories to a "farm" independent of the restrictions contained in these particular provisions for "customary incidental farm occupations". The petitioners claim that a construction that such provisions do not apply to ordinary farm buildings is reasonable inasmuch as the specifically-mentioned occupations as an example of the "customary incidental farm occupations" are of the unusual type such as making of cider, bottling of milk, cold storage for farm produce, etc. It is, however, to be borne in mind that the zoning ordinances are not framed by farmers (though the court has sometimes felt inclined to agree with the comment with respect to a particular zoning ordinance that a farmer could have done a better job). In any event, considering the purposes and language of the ordinance as a whole, it is reasonable to assume that the framers of this ordinance did not mean to unduly limit the term "customary incidental farm occupations". Therefore, the holding of the board that the proposed building, if to be allowed as a farming operation, falls within the provisions in question prohibiting the location of the building within 200 feet of any property line, is not arbitrary and capricious and is not to be disturbed by the court.

The proceeding is dismissed. Submit order on notice.