No. 50,278

HENRY H. BLAUVELT and MARY ANN BLAUVELT, *Appellees,* v. BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY and BOARD OF ZONING APPEALS, *Appellants.*

(605 P.2d 132)

Opinion filed January 19, 1980.

Appellees appeared pro se.

*Patrick J. Reardon,* county attorney, argued the cause and was on the brief for appellants.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by defendants below from a summary judgment granted plaintiffs by the trial court enjoining the Board of County Commissioners of Leavenworth County and the Board of Zoning Appeals from interfering with plaintiffs' construction of a dwelling on property used for agricultural purposes.

The facts in the case are not disputed. In 1977, plaintiffs, Henry H. and Mary Ann Blauvelt, purchased forty acres of real property in Leavenworth County which was zoned "R" Rural District by resolutions duly adopted by the county commissioners. Plaintiffs intended to construct a farmhouse and accessory buildings to conduct farming operations on the property. When plaintiffs applied for a permit to build a septic system in connection with the dwelling house, they were informed that they would need a building permit. There is no dispute over the requirement for a permit for the septic system. Their application for a building permit was denied by the zoning authorities because the property did not meet the requirements of the zoning resolutions and regulations. The property did not meet certain frontage require-

ments and was not a "lot of record." Plaintiffs appealed the decision to the Board of Zoning Appeals which upheld the zoning administrator's decision. Plaintiffs then filed this suit in the district court pursuant to K.S.A. 19-2913. After pleadings for both sides were filed, plaintiffs moved for summary judgment, which was granted. Defendants now bring this appeal.

The issue to be decided is whether a dwelling located on a farm occupied by the owner-farmer serves an agricultural purpose and is therefore exempt from county zoning regulations. K.S.A. 19-2901 *et seq.*, authorize the zoning of county property. The issue involves an interpretation of K.S.A. 19-2921, which provides:

"Regulations adopted under authority of this act shall not apply to the existing use of any buildings or land . . . . but *shall apply to any alteration of a* building to provide for a change in such use of any building or land after the effective date of any such zoning resolution: *Provided,* That no determination nor rule nor regulation shall *be held to apply to the use of land for agricultural purposes, nor for the erection or maintenance of buildings thereon for such purposes* so long as such land and buildings erected thereon are used for agricultural purposes and not otherwise." (Emphasis added.)

Pursuant to the statutes, Leavenworth County adopted zoning resolutions and regulations. Among the provisions are: (1) agricultural or rural property is zoned "R"; (2) a "lot of record" is defined as a lot which is a part of a subdivision, the map of which has been recorded in the office of the Register of Deeds; (3) every building erected, enlarged or structurally altered must be located on a lot of record; (4) dwellings constructed on such lots are subject to certain front yard setback provisions and are required to front upon a public right-of-way; (5) each such dwelling requires a building permit; and (6) the resolutions and regulations do not apply to land and the buildings located thereon if used for agricultural purposes.

Plaintiffs argued at trial that K.S.A. 19-2921 exempted them from the county zoning requirements and therefore they were not required to obtain a building permit for their house. The county had refused to issue a building permit to plaintiffs because the proposed construction would not be located upon a lot of record. Another requirement was that the lot must have frontage on a public right-of-way. The property upon which plaintiffs intended to construct their house did not meet either of these zoning requirements. The trial court agreed with plaintiffs and held it was clear from the statutes and county regulations that no permit

was required and granted a permanent injunction against the defendants.

Defendants asserted then, as they do now, that a house in which a farmer resides is residential, does not serve an agricultural purpose and therefore is not within the class of buildings exempted from county zoning regulations under K.S.A. 19-2921. Defendants argue that the use of a house is purely a residential purpose while other structures on a farm, such as barns, silos, pigpens, etc., are used for agricultural purposes. Defendants assert that the lack of cases on point indicates that the distinction between residential and agricultural usage is so clear and apparent that no one has questioned it in court. The opposite argument could just as easily be made on behalf of the plaintiffs. We have found no Kansas cases in point. The zoning cases in which this court has construed the term "agricultural purposes" have all dealt with issues such as that in *Carp v. Board of County Commissioners,* 190 Kan. 177, 373 P.2d 153 (1962), where a hog feeding operation was found to fall within the term.

In support of defendants' contention that a farmhouse does not serve an agricultural purpose, they rely on the Illinois case of *People v. Husler,* 34 Ill. App. 3d 977, 342 N.E.2d 401 (1975). In *Husler* the defendant was living in a mobile home parked on land zoned for agricultural use. Defendant proposed to live in the mobile home long enough to complete construction of his permanent house. Zoning regulations prohibited mobile homes. After his conviction for a violation of zoning regulations, defendant appealed and alleged that the county lacked authority to prohibit the use of a mobile home on the property because the property was zoned for agricultural use under a statute similar, if not identical, to K.S.A. 19-2921. The Illinois court held that the county's power to require permits for buildings on agricultural land is only prohibited when the buildings are used for agricultural purposes. The court went on to say that the statute did not exempt a mobile home being used as a residence. It should be noted that the Illinois Appellate Court reversed the conviction on other grounds and devoted only five lines in its opinion to the issue before us. The *Husler* court's comments are so brief that their meaning is unclear. The facts in *Husler* do not state whether the defendant was actually farming the property. It could be that the Illinois Appellate Court's statement that the mobile home's

use was not agricultural was simply because the defendant was not farming the land in question. Based upon the factual situation before this court we do not find the brief comments of the Illinois court persuasive. There are literally hundreds, if not thousands, of family farms located throughout Kansas and we are sure it would come as quite a shock to most of these good farm people to learn that their homes, many occupied for generations while the family tilled the soil, were not a part of their agriculture operations and were not used for agricultural purposes.

Does K.S.A. 19-2921, under the facts in this case, exclude a farmer's dwelling house from county zoning regulations? We think so.

"The intent of the legislature must be found from the language of the statute and, when the language used is plain and unambiguous and appropriate to an obvious purpose, the court should follow the intent as expressed by the words used. *Rosedale State Bank & Trust Co. v. Stringer,* 2 Kan. App. 2d 331, 339, 579 P.2d 158 (1978). Furthermore, it is a basic principle of statutory construction that words in common usage are to be given their natural and ordinary meaning in arriving at the proper construction of a statute. *Weight Watchers of Greater Wichita, Inc. v. Secretary of Human Resources,* 225 Kan. 534, 537, 592 P.2d 887 (1979). Finally, when a statute is plain and unambiguous the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. *Thomas County Taxpayers Ass'n v. Finney,* 223 Kan. 434, Syl. ¶ 2, 573 P.2d 1073 (1978).

"In determining legislative intent, courts are not limited to a mere consideration of the language used, but look to the historical background of the enactment, the circumstances attending its passage, *the purpose to be accomplished,* and the effect the statute may have under the various constructions suggested. *Brown v. Keill,* 224 Kan. 195, Syl. ¶ 3, 580 P.2d 867 (1978); *Boyd v. Barton Transfer & Storage,* 2 Kan. App. 2d 425, 580 P.2d 1366, *rev. denied* 225 Kan. 843 (1978)." *Carlson v. Carlson,* 4 Kan. App. 2d 63, 65, 602 P.2d 549 (1979). (Emphasis in original.)

The pertinent provisions of the statute have been in effect since 1939. (L. 1939, ch. 164, § 8.) The obvious purpose of the proviso in K.S.A. 19-2921 was to favor agricultural uses and farmers. Since this state's economy is based largely on the family farm it would appear the intent of the legislature was to spare the farmer from more governmental regulation and not to discourage the development of this state's farm industry. It would be ludicrous to say that the legislature intended to exempt a farmer conducting a hog feeding operation from county zoning regulations but at the same time require the same farmer to build his house upon a subdivided lot fronting on a public road.

Defendants further argue that county regulation of residential buildings is essential to prevent an uncontrolled outflux of urban workers and dwellers into the surrounding countryside. It is asserted that without this zoning power the counties will be without means to control urban sprawl and the general health, safety, and welfare of the public will suffer. It is also contended they do not have the manpower and funds available to make the necessary investigations to determine whether an applicant applying for a building permit will actually be using the premises for agricultural purposes. Solutions to those problems are not within the province of the court.

We recognize defendants have a legitimate concern with the problems of suburban development and that the same are subject to reasonable regulation within the parameters of K.S.A. 19-2901 *et seq.* The tract here involved was obviously an agricultural unit and we are not faced with, and do not here decide, questions involving rental units on suburban properties, small tracts with a vegetable garden and a few chickens and the myriad of other situations that might occur. Our decision is limited to the factual situation before us wherein the 40 acres of admitted agricultural land is occupied by the farmer-owner who intends to live and carry on "agricultural purposes" upon the property. In such a situation we cannot say that the home of the farmer is not within the contemplation of "agricultural purposes" as set forth in K.S.A. 19-2921.

The judgment is affirmed.