■ INCORPORATED VILLAGE OF OLD WESTBURY, Appellant, v ALLJAY FARMS, INC., et al., Respondents. — In an action to enjoin defendants from using their property in violation of the applicable zoning ordinance, plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Oppido, J.), dated November 15, 1982, as held that defendants are entitled to maintain a commercial horse farm on the premises, and denied plaintiff's application for a permanent injunction. ¶ Judgment reversed, insofar as appealed from, on the law, without costs or disbursements, plaintiff's application granted, and defendants are enjoined from maintaining a commercial horse farm on the premises. ¶ The Incorporated Village of Old Westbury commenced this action to enjoin defendants from breeding and raising horses on their 16.9-acre property in alleged violation of the village zoning ordinance. Horses owned by the defendants and others are currently bred, raised and pastured on the property for racing purposes and for sale. To a limited extent, defendants also train their own horses there. It is not disputed that absent some pre-existing right, the use violates Local Law No. 2 of 1976 (Building Zone Ordinance, par 1002.25) which requires a special permit for "[t]he commercial boarding and training of horses, including * * * horses belonging to the property owner which earn money racing", as well as "the harboring of horses except those kept by the owner of the principal dwelling as an accessory use". In defense of the legality of their operation, however, the defendants assert that it is a legal nonconforming use because horses have been raised on the property since 1952. While in most circumstances a zoning ordinance cannot proscribe continuance of a use existing at the time the ordinance is enacted (*Matter of Syracuse Aggregate Corp. v Weise,* 51 NY2d 278, 284; *Ilasi v City of Long Beach,* 38 NY2d 383, 387), those who raise the defense of a legal nonconforming use must demonstrate that the use was legally established before the proscriptive ordinance became effective (*Matter of Besthoff v Zoning Bd. of Appeals,* 34 AD2d 782; 1 Anderson, NY Zoning Law and Practice [2d ed], § 6.07). The village contends that when the raising of horses on the defendants' property commenced in 1952 it was illegal under the then-existing zoning ordinance. We agree. ¶ In 1952, when defendants commenced their use, farming was permitted in the BB residence district where defendants' property is located. "[F]arm" was defined as follows: "Any parcel of land containing ten (10) acres or more which is used for gain in the raising of agricultural products with incidental live stock and poultry. It includes necessary farm structures within the prescribed limits and the storage of equipment used. It excludes the raising of furbearing animals, riding academies or boarding stables, and the principal use of dog kennels, poultry raising and dairying". At the trial of the current action, defendants adduced the testimony of a professor of animal science who voiced the opinion that the raising of horses was more compatible with a residential neighborhood than the raising of cattle or poultry which were mentioned in the 1952 zoning ordinance. This asserted compatibility cannot alter, however, the language in the 1952 ordinance which made it clear that its definition of farming contemplated the cultivation of crops as a principal use while permitting "incidental live stock" solely as an accessory use (see *Town of Mount Pleasant v Van Tassell,* 7 Misc 2d 643, affd 6 AD2d 880; *Matter of Brodsky v Levy,* 58 Misc 2d 247; 1 Anderson, NY Zoning Law and Practice [2d ed], § 11.02). There is a substantial difference between using land for the cultivation of crops with the accessory right to maintain "incidental live stock" and using it for the breeding and training of horses as an independent and dominant commercial enterprise (see *Matter of Johnson v Debaun,* 206 Misc 806; *Matter of Colasuonno v Dassler,* 183 Misc 904; *Berry v Recorder's Ct.,* 124 NJL 385, affd 125 NJL 273; see, also, 1 Anderson, NY Zoning Law and Practice [2d ed], § 11.04; 3 Rohan, Zoning and Land Use Controls, § 19.05).

¶ While it is true that in permitting "incidental live stock and poultry" and prohibiting "dog kennels, poultry raising and dairying" as a "principal use" the 1952 ordinance made no mention of the raising of horses, that fact provides no solace to defendants. It is a basic tenet of zoning jurisprudence that an ordinance which lists permitted uses excludes any uses that are not listed (see 5 Rohan, Zoning and Land Use Controls, § 36.03 [7]; 1 Rathkopf, Law of Zoning and Planning [4th ed], § 9.06). Here, it is apparent that the "raising of agricultural products with incidental live stock and poultry" did not authorize the breeding and raising of horses as a principal permitted use. Therefore, defendants failed to establish their use as a legal nonconforming one and the injunction should have been granted. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.