No. 56,163

MYRON L. VANGUNDY, *Appellant*, v. LYON COUNTY ZONING BOARD and LYON COUNTY BOARD OF APPEALS, *Appellees*.

(699 P.2d 442)

Opinion filed May 10, 1985.

*Steven L. Davis,* of Patton & Davis, Chtd., of Emporia, argued the cause and was on the brief for appellant.

*Philip E. Winter,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Plaintiff VanGundy filed an action for an injunction in the district court in an effort to obtain protective relief from enforcement of certain county zoning regulations. The district court dismissed the action. The Court of Appeals reversed the district court. Defendant's Petition for Review was accepted by this court.

Plaintiff is a farmer who owns a quarter section of land in Lyon County and generally uses that land for agricultural purposes. He commenced excavation work on that land, including the blasting and removal of rock to build a pond.

After receiving notice that these operations were in violation of county zoning regulations, VanGundy attended a special meeting on April 16, 1982, of the Lyon County Planning Board. VanGundy explained to the Board that he was building a pond for recreation and irrigation purposes and that he had contracted with David Murphy to remove the rock for a deeper pond and to construct a dam. Murphy was using the same rock in satisfying a contract to furnish rock to Iowa Beef Processors. The Board granted VanGundy a temporary permit, valid through April 30,

1982, to allow further removal of rock so that Murphy could complete his contractual obligations to Iowa Beef Processors.

In a regular meeting of the Lyon County Planning Board on June 2, 1982, VanGundy's request to rezone thirty acres from agricultural use to quarry and mining was considered. VanGundy expressed his desire to clean up remaining loose rock by crushing and to blast additional rock and remove it in order that the dam could be properly sealed and the pond could be made deeper. A local property owner expressed opposition to any additional blasting because of possible damage to his home. The Board granted the rezoning request but limited VanGundy to cleaning up the loose rock and denied further blasting. VanGundy was not satisfied.

Upon appeal to the Zoning Appeals Board, VanGundy argued that a special permit was unnecessary, as his land was being used for agricultural purposes. VanGundy admitted receiving compensation at the rate of fifteen cents a ton for the rock removed by Murphy, and admitted that if additional blasting was done, that rock would also be sold. Local residents complained to the Board about the blasting. In executive session, the Board passed the following motion: "Mr. Myron VanGundy shall be allowed to clean up existing rock and to remove additional rock either by crushing or other means as long as no further blasting is done."

On September 13, 1982, plaintiff petitioned the district court to enjoin the Lyon County Zoning Appeals Board from enforcing its order. In the stipulation of facts, the parties agreed that this suit for injunctive relief was the appropriate course of action for plaintiff. In addition it was stipulated that VanGundy, who is a farmer, uses the property upon which the blasting was conducted for agricultural purposes. The parties also stipulated that the issue before the district court was: "[I]s the blasting and removal of rock for the construction of a dam for agricultural purposes" or "is the blasting and removal of rock for the purposes of operating a quarry?"

The district court found the "blasting, crushing, washing, storage, hauling and sale of rock" to be the activity of a quarry and that the stated intended purpose to construct a pond for irrigation was irrelevant. Plaintiff appealed from the order. The Court of Appeals filed an opinion on November 21, 1984, in which it reversed the district court.

VanGundy maintains that the blasting, crushing and sale of rock was an agricultural use excepted from zoning regulation, as each act contributed to building a pond which would serve as a water supply for irrigation and other agricultural purposes. The district court found plaintiff's activities to be quarrying and mining and held that plaintiff's intended purpose was irrelevant.

The rules concerning the scope of judicial review of zoning matters are stated in *Combined Investment Co. v. Board of Butler County Comm'rs*, 227 Kan. 17, 28, 605 P.2d 533 (1980):

(1) The local zoning authority, and not the court, has the right to prescribe, change or refuse to change, zoning.

(2) The district court's power is limited to determining
   (a) the lawfulness of the action taken, and
   (b) the reasonableness of such action.

(3) There is a presumption that the zoning authority acted reasonably.

(4) The landowner has the burden of proving unreasonableness by a preponderance of the evidence.

(5) A court may not substitute its judgment for that of the administrative body, and should not declare the action unreasonable unless clearly compelled to do so by the evidence.

(6) Action is unreasonable when it is so arbitrary that it can be said it was taken without regard to the benefit or harm involved to the community at large, including all interested parties, and was so wide of the mark that its unreasonableness lies outside the realm of fair debate.

(7) Whether action is reasonable or not is a question of law, to be determined upon the basis of the facts which were presented to the zoning authority.

(8) An appellate court must make the same review of the zoning authority's action as did the district court.

K.S.A. 19-2921 prohibits regulation of land used for agricultural purposes and provides, in part:

"That no determination nor rule nor regulation shall be held to apply to the use of land for agricultural purposes, nor for the erection or maintenance of buildings thereon for such purposes so long as such land and buildings erected thereon are used for agricultural purposes and not otherwise."

The Lyon County Zoning Regulations include these pertinent provisions:

Art. I, § 101 A provides that the regulations are intended to conserve good agricultural land and protect it from intrusion of incompatible uses, but not to regulate agricultural uses.

Art. II, § 101 C describes agricultural uses as the growing of crops, pasturage, nursery, or the raising of poultry, cattle and other livestock, *including the structures necessary for carrying out farming operations* on a tract of land of not less than ten acres.

Art. III, § 100 E exempts agricultural structures or land used for agriculture until that structure or land ceases to be used only for agriculture.

Art. IV, § 114 subjects quarries, mines, sand or gravel pits, or other excavations for the purpose of removing, screening, crushing, washing, or storage of ore, stone, clay, gravel, etc., to zoning regulations.

No Kansas cases have specifically defined what an "agricultural use" is under K.S.A. 19-2921. Several cases have considered whether certain activities fall under that term.

In *Board of County Commissioners v. Brown*, 183 Kan. 19, 325 P.2d 382 (1958), the owner of land in an agricultural area which was zoned for residential purposes converted a building on the property into an aviary for the purpose of raising canaries for sale. On an appeal of a suit to enjoin the use of the premises as a violation of zoning regulations, it was contended that the use of the premises for raising canaries constituted a commercial use. The court said that the raising of canary birds was similar to the raising of chickens or other poultry, which was commonly regarded as an agricultural pursuit, and therefore the use of the premises for raising canaries was consistent with the permissive uses.

The plaintiff in *Carp v. Board of County Commissioners*, 190 Kan. 177, 373 P.2d 153 (1962), sought to enjoin defendants from requiring plaintiff to cease and desist from constructing buildings and operating a hog farm within the three-mile zoning belt of Wichita. The court said that agriculture includes animal husbandry—the raising and feeding of livestock. While the hog business was commercial in that the products were sold, "it is generally true that all agricultural products be they crops or livestock are raised and kept until ready for sale." 190 Kan. at 179. The same result was reached in *Fields v. Anderson Cattle*

*Co.,* 193 Kan. 558, 396 P.2d 276 (1964), where the court noted the *Carp* decision and concluded that the feeding of livestock for market is an agricultural pursuit and that "the structures used in connection therewith are for agricultural purposes." 193 Kan. at 565.

A more recent case considering the issue and the one on which the Court of Appeals based its decision is *Blauvelt v. Board of Leavenworth County Comm'rs,* 227 Kan. 110, 605 P.2d 132 (1980). There, plaintiffs intended to construct a farmhouse and accessory buildings to conduct farming operations on their property. They were denied a building permit, because they did not meet zoning regulation requirements. The court found that the obvious purpose of the provision in K.S.A. 19-2921 was to favor agricultural uses and farmers. It would be ludicrous to say that the legislature intended to exempt a farmer conducting a hog-feeding operation from county zoning regulations but at the same time require the same farmer to build his house upon a subdivided lot fronting on a public road.

No other jurisdictions have considered whether quarrying falls within the definition of agricultural use or farming, although there are a number of cases considering whether other activities fall within those definitions. Most of the cases turn on whether the statute says "farming" or "agricultural use." See Annot., 97 A.L.R.2d 702. Generally, more types of activities are allowed where the term "agricultural use" is involved, while the courts have been more restrictive where the statute limits activities to "farming." See *Tuftee v. County of Kane,* 76 Ill. App. 3d 128, 394 N.E.2d 896 (1979); and *County of Lake v. Cushman,* 40 Ill. App. 3d 1045, 353 N.E.2d 399 (1976). In the following cases, the courts interpreted statutes which referred to farming rather than agriculture: *Zoning Com'n of Town of Sherman v. Lescynski,* 188 Conn. 724, 453 A.2d 1144 (1982); *Commonwealth v. Proctor,* 355 Mass. 504, 246 N.E.2d 454 (1969); *Jackson v. Building·Inspector of Brockton,* 351 Mass. 472, 221 N.E.2d 736 (1966); *Deutschmann v. Board of Appeals of Canton,* 325 Mass. 297, 90 N.E.2d 313 (1950); *Southard v. Biddle,* 305 S.W.2d 762 (Ky. 1957); *Matter of Johnson v. Debaun,* 206 Misc. 806, 135 N.Y.S.2d 217 (1954); and *Matter of Colasuonno v. Dassler,* 183 Misc. 904, 51 N.Y.S.2d 870 (1944).

The courts in all these cited cases based their decisions on two

points. They first looked at the statute and, depending on whether the term "agriculture" or "farming" was used, they attempted to see whether the proposed activity fell within the statutory definitions. If construction of a building or such was involved, they attempted to determine whether the purpose to which the building would be put fell within the definition of the activity allowed.

In *Blauvelt*, this court said that the use of the structure upon completion is the focus in determining whether it is agricultural in nature. "Zoning ordinances, being in derogation of the right of private property, should be liberally construed in the property owner's favor, and where exceptions appear they are liberally construed in favor of the property owner." *Koppel v. City of Fairway*, 189 Kan. 710, 713, 371 P.2d 113 (1962). The *Blauvelt* court recognized that the obvious purpose of K.S.A. 19-2921 in excluding the use of land from county zoning regulations was to favor agricultural uses and farmers. Since this state's economy is based largely on the family farm the legislature appeared to intend to spare the farmer from governmental regulations and not to discourage the development of this state's farm industry.

The Court of Appeals, when reversing the trial court, stated:

"In this appeal from the dismissal of his injunction action, Mr. VanGundy agreed that the trial court properly considered the two factors necessary to a decision. So do we. But he claims they were considered in reverse order. We so find. He claims this led the trial court to commit error. We believe it did.

"The factors involved are (1) quarrying, for which Mr. VanGundy's land was not zoned, and (2) agricultural pursuits, which was proper use of the land, and which the Planning Board and the Zoning Appeals Board could not proscribe.

"The position of Mr. VanGundy was that blasting the rock was a necessary step in excavating for an agricultural pond, and this appears to be conceded. In their stipulation the parties said the issue was whether 'the blasting and removal of rock *for the construction of a dam*' is an agricultural purpose. (Emphasis supplied.) The trial court considered the blasting to be quarrying. It is, but not necessarily for the purpose of operating a quarry. Nonetheless, the trial court believed the 'stated intended purpose is irrelevant.' With this we cannot concur."

VanGundy was blasting rock to excavate a pond for agricultural purposes. Because he was able to sell the blasted rock as a by-product of creating a pond, rather than stacking it in another area or hiring others to remove it, the quarrying did not under these facts alter the intended purpose. In such a situation we cannot say that the quarrying of the rocks is not within the

legislature's concept of "agricultural purposes" as set forth in K.S.A. 19-2921.

The judgment of the district court is reversed. The judgment of the Court of Appeals is affirmed.