Thomas A. Adrian, Counsel Equus Beds Groundwater Management District #2 301 North Main, P.O. Box 825 Newton, Kansas 67114
Dear Mr. Adrian:
As Counsel for the Equus Beds Groundwater Management District No. 2 (hereinafter GMD No. 2) you inquire whether rules and regulations adopted pursuant to K.S.A. 82a-701 et seq. preempt the rules and regulations adopted pursuant to K.S.A. 82a-1028(o). Your second question is whether absent a recommendation by the board of directors of a groundwater management district (GMD) to adopt regulations pursuant to K.S.A.82a-1028(o), the Chief Engineer may adopt statewide regulations which are applicable to a GMD. Your third question is whether K.A.R. 5-5-8 through5-5-12, adopted pursuant to K.S.A. 82a-701 et seq., apply to GMD No. 2 and preempt K.A.R. 5-22-1 through 5-22-9 adopted by the Chief Engineer pursuant to K.S.A. 82a-1028 (o).
You indicate that K.A.R. 5-22-8 was adopted by the Chief Engineer following a recommendation by GMD No. 2 in 1990. It governs the processing of change applications made by water users in the GMD. In 1994 the Chief Engineer promulgated regulations regarding the processing of change applications which are different from the regulations that were recommended by GMD No. 2. The Chief Engineer has been applying the later adopted regulations to the change applications within GMD No. 2. You direct our attention to Attorney General Opinion No. 77-184 which finds, in part, that "the chief has no authority to adopt a rule or regulation relating to the conservation and management of the groundwater within a management district unless such rule or regulation is recommended to him by the district itself."
At issue in all of your questions is whether the Chief Engineer has the authority to promulgate regulations which apply statewide and invalidate those conflicting regulations which pertain to only one district.
The Chief Engineer of the Division of Water Resources enforces and administers the laws governing the appropriation of water for beneficial use in Kansas, K.S.A. 82a-701 et seq. The Act provides broad rule making authority to adopt, amend, promulgate and enforce reasonable regulations necessary to achieve the "control, conservation, regulation, allotment, and distribution of the water resources of the state." K.S.A. 82a-706a. For example, all water is dedicated to the people of the state, subject to the provisions of the Act, K.S.A. 82a-702 and no person can acquire an appropriation right to the use of water without first obtaining the approval of the Chief Engineer, K.S.A. 82a-705. The Chief Engineer determines whether a proposed use or a change in the use of water is reasonable and whether it will impair existing rights, K.S.A. 1996 Supp. 82a-708b and 82a-711, respectively. Decisions made by the Chief Engineer are appealable to the district court in the manner prescribed by K.S.A. 82a-724.
In contrast, K.S.A. 82a-1028 authorizes a groundwater management district to "recommend" regulations be adopted by the Chief Engineer which are only effective within that specified district. The recommended regulations become effective when adopted by the Chief Engineer after his determination that they are consistent with the provisions of K.S.A.82a-701 et seq.
In order to resolve the apparent conflict between the local regulations and those that apply statewide we must look at the legislative scheme and any existing legislative history to determine what the Legislature intended. State Dept. of Administration v. Public Employees RelationsBoard, 257 Kan. 275 (1995). The purpose and scope of the legislative scheme indicate that the Legislature intended the Chief Engineer have control of the appropriation of water. The language of these statutory provisions is plain and unambiguous and expresses the intent of the Legislature that the control, conservation, allotment, and distribution of water be overseen and enforced by the Chief Engineer. It is the fundamental rule of statutory construction, to which all others are subordinate, that the purpose and intent of the Legislature governs when that intent can be ascertained from the statute, Davey v. Hedden,260 Kan. 413, 419 (1996), and where the language is plain, unambiguous and also appropriate to the obvious purpose, the court should follow the intent as expressed by the words used. Blauvelt v. Board of LeavenworthCounty Comm'rs, 227 Kan. 110, 113 (1980). The Legislature intended that K.S.A. 82a-701 et seq. control the appropriation of water and that the Chief Engineer enforce the act statewide. To limit the Chief Engineer's ability to adopt, amend, and promulgate regulations applicable to all groundwater management districts would effectively deprive him of the necessary powers to carry out the mandate of the Legislature and would thwart the purposes of the act. The act imposes no such limitations, and the Chief Engineer maintains the rule-making authority for the entire state as specifically granted by the Legislature. Cray v. Kennedy,230 Kan. 663, 675 (1982).
It is therefore our opinion that regulations recommended by a GMD which conflict or are inconsistent with those statewide regulations promulgated by the Chief Engineer are superceded to the extent they are in conflict or inconsistent. See Attorney General Opinion No. 91-146 (Reno county may not prohibit the construction of a water well with its zoning power because the Division of Water Resources is exclusively vested with the power to appropriate water for the State of Kansas pursuant to K.S.A.82a-701 et seq.)
In arriving at our conclusion, we considered Attorney General Opinion No. 77-184 which concludes that K.S.A. 82a-1028 does not authorize the Chief Engineer to adopt rules and regulations other than those recommended to him by the groundwater management district itself. The opinion deals only with K.S.A. 82a-1028(o) which authorizes a GMD to recommend regulations for adoption by the Chief Engineer, but does not grant rule-making authority to the GMD. The opinion, however, does not address whether the Chief Engineer may promulgate different regulations which apply statewide pursuant to K.S.A. 82a-706a. Therefore, in response to your second and third questions, whether the Chief Engineer may adopt rules and regulations pursuant to K.S.A. 82a-706a that are applicable in all groundwater management districts including GMD No. 2 must be answered in the affirmative, and is not affected by the conclusion in Attorney General Opinion No. 77-184.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm