CHARLES N. WINSHIP *vs.* INSPECTOR OF BUILDINGS OF WAKEFIELD & others.

Middlesex.    January 14, 1931. — January 29, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, & FIELD, JJ.

*Zoning. Words,* "Farm."

The owner of a tract of land comprising eighteen acres, of which four and one half acres were in a town with a zoning by-law which permitted in that area, designated as a single residence district, a "farm, garden, nursery or greenhouse," maintained on the entire premises one hundred twenty-five apple trees, from which in a single season he sold apples

for about $468; ploughed four or six acres and raised vegetables, a portion of which he sold for $30 and $40; raised chickens, having about three thousand, most of which were in a hen house in an orchard two hundred feet back of his residence and in the town with the zoning by-law, and received from the sale of eggs between $100 and $125 per month, and from the sale of poultry much more. *Held,* that the premises were used as a farm; and. that there was no violation of the zoning by-law in the erection or maintenance of the hen house thereon.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on September 27, 1930, for a writ of mandamus.

The petition was referred to an auditor. Material facts found by the auditor and in evidence before *Carroll,* J., who heard the case upon its merits, and rulings by the single justice are stated in the opinion. The petition was ordered dismissed. The petitioner alleged exceptions.

*P. Nichols,* (*T. G. O'Connell* with him,) for the petitioner.

*L. K. Clark,* for the respondents Morgan.

*M. E. S. Clemons & R. P. Clemons,* for the respondent inspector of buildings, submitted a brief.

CROSBY, J. This is a petition for a writ of mandamus by which it is sought to have the respondent Henkel, inspector of buildings of the town of Wakefield, revoke a permit granted to the respondents Henry A. Morgan and Ruth W. Morgan for the erection of a certain building upon their premises in said town, and to institute and prosecute proceedings to cause the removal of the building.

The case was referred to an auditor who found the following and other facts: The petitioner is the owner of an estate in Wakefield and Stoneham adjoining land of the respondents Morgan. A zoning by-law was adopted by the town of Wakefield November 10, 1925. Building by-law art. 10, § 1, is as follows: "No building, structure, or foundation . . . shall be constructed or altered without a permit and such work shall be done in accordance with drawings or descriptions bearing the approval of the Building Inspector." By the zoning by-law, § 1, the town was divided into four classes of districts, one of

which was designated as single residence districts, in which it was provided by § 2 (a) that " No building or premises shall be erected, altered or used for any other purpose than 1, Single Family detached dwelling; 2, Club . . . ; 3, Church; 4, Educational use; 5, Farm, garden, nursery or greenhouse; 6, Municipal recreational use; 7, Railroad local passenger station; 8, Accessory use on the same lot with and customarily incident to any of the above permitted uses and not detrimental to a residential neighborhood."

The land of the petitioner and of the respondents Morgan is in a single residence district under the by-law. The respondent Henry A. Morgan started the building of a hen house September 6, 1930, and at the time of the hearing before the auditor it was nearly completed. Its dimensions are substantially as described in the application, namely, one hundred forty-four feet by twenty-four feet; it was housing nine hundred thirty pullets, the total capacity being one thousand. It is surrounded by an apple orchard of full grown trees, and is located about two hundred feet directly in the rear of the Morgans' house. The intervening space is taken up with an orchard and two much smaller hen houses. The cost of the building in question was over $1,500. The Morgans' whole estate consists of eighteen acres, fourteen of which are located in the adjoining town of Stoneham. The previous owner had operated this and other land as a poultry and general farm, and had kept between five hundred and one thousand hens. He sold the land now owned by the Morgans to them in 1929, together with twenty-nine hens. After the purchase of the property Henry A. Morgan began to expand the business of raising chickens and at the time of the hearing before the auditor had about three thousand, most of which were kept in the hen house in question. The auditor further found that he has continued harvesting and selling the apple crop, and has plowed four or five acres for cultivation, and that most of the feed for the hens is purchased by him.

After the filing of the auditor's report the case was heard by a single justice of this court. At that hearing the petitioner offered the auditor's report and rested. The respondent Henkel offered no evidence. The respondents Morgan offered certain exhibits and certain oral evidence. Henry A. Morgan testified as follows: " that he bought his premises from Mr. Woodman in August, 1929, that he bought twenty-nine hens as part of the sale and had continuously kept hens since such purchase of his premises; that he raises apples and has about one hundred twenty-five apple trees; that he sold the apples and pears 'last fall' for about $468; that his premises contained about eighteen acres, of which about four and one half acres were in Wakefield and the balance in Stoneham; that the proposed hen house is in Wakefield and was built after he got the permit from the Wakefield inspector, Mr. Henkel; that he had ploughed up for cultivation five or six acres, some in the apple orchard and some outside; that he planted tomatoes, potatoes, mangel wurzels, rye, oats, beans, peas, squash, pumpkins, beets, Swiss chard and corn; that he had a family of a wife and four children; that they did not eat all the vegetables raised and that part not used was sold in the open air market at Malden. He sold the hens and eggs in Malden and some in Wakefield to people who came to the house; he had no retail route, and sold to a store that took his entire remaining output. On cross-examination he testified that about one and one half acres of the land cultivated was in Wakefield; that the vegetables mostly sold were sold outside and were tomatoes (about twenty bushels) and rhubarb (about five bushels); and that he may have sold other vegetables to his relatives; that his entire gross receipts for 1930 from vegetables including those sold to his relatives were between $30 and $40. His receipts from the sale of eggs were between $100 and $125 per month, and from poultry much greater." The foregoing was all the material evidence.

The petitioner made certain requests for rulings which, in substance, were that the erection and maintenance of

the hen house by the respondents Morgan were a violation of the zoning law; that the petitioner is not barred by laches from maintaining the petition; and that on all the evidence the writ should issue as matter of law. The single justice found that the facts as found by the auditor were true, and that the testimony of the respondent Henry A. Morgan was true. He further found that the petitioner was not guilty of laches, and that he had sufficient interest to maintain the petition if there was a violation of the by-law. He gave the second, third and fourth rulings requested by the petitioner, and refused to give the first, fifth and sixth, and ruled as matter of law that the petition could not be maintained. To the refusal to give the petitioner's first, fifth and sixth requests and to the ruling that the petition as matter of law could not be maintained the petitioner duly excepted.

It is the contention of the petitioner that the building was not to be maintained as an incident to tilling the soil, but was for the purpose of carrying on a commercial enterprise within the meaning of the zoning law; that the hen industry is not incidental to farming when the farming is incidental to the hen industry. We are of opinion that, upon the evidence, the premises of the respondents Morgan are a farm which is being lawfully conducted by them in the raising of poultry; that such use of their premises is a permitted use under § 2 of the by-laws. There was evidence which justified the findings that in addition to the raising of hens and the production of eggs the respondent Henry A. Morgan sold hens and eggs; that his receipts from the sale of eggs alone were between $100 and $125 per month, and from the sale of poultry were much greater; that these respondents have upon their premises one hundred twenty-five apple trees; that in 1929 they sold apples and pears for about $468; that they plowed and cultivated five or six acres and raised and sold vegetables of various kinds in the market. The finding that the premises constituted a farm was amply supported by the evidence. In common speech a farm is understood to be one or more tracts of land devoted to agricultural

purposes including the production of crops, and may include the raising of domestic and other animals. The principal but not the entire business of the respondent Henry A. Morgan was the raising and sale of chickens and the production and sale of eggs. Premises so conducted are commonly designated as a chicken farm. A farm may consist of land devoted to agriculture and may lie in one township or in more than one. The word farm has a well defined meaning and is a tract of land devoted to agriculture, stock raising or some allied industry. *Williams* v. *Chicago & Northwestern Railway,* 228 Ill. 593. *Gordon* v. *Buster,* 113 Texas, 382. A tract of land of eighteen acres devoted to agriculture and the raising of crops and domestic animals is as properly designated and held to be a farm as a much larger tract carried on for the same purposes. It could not be successfully contended that a tract of land where cows were kept and nothing was there produced except milk for sale was not a dairy farm within the ordinary meaning of that designation. The single justice found that upon the evidence before him the premises of the respondents Morgan were a " farm," and refused to rule in accordance with the petitioner's requests (1) that the erection and maintenance of the hen house by the respondents Morgan were a violation of the zoning law; (5) that there was no evidence which would justify the erection of the hen house as the lawful continuance or extension of a nonconforming use; and (6) that on all the evidence the writ must issue as matter of law. The burden of proof rested upon the petitioner to show that the erection and maintenance of the hen house were a violation of the by-law. He failed to sustain that burden; accordingly the petitioner's requests for rulings above referred to were properly refused.

As the petitioner failed to show that the premises of the respondents Morgan were not a " farm," the rulings requested were rightly refused; he was not entitled to the issuance of the writ. It follows that as matter of law the petition cannot be maintained and the judge correctly so ruled.

*Exceptions overruled.*