ARVID R. ANDERSON & others [1] *vs.* JOHN W. FILOON, JR., individually and as executor, & others.[2]  April 2, 1970.  The defendants appeal from a final decree which declares and defines a right of way appurtenant to described parcels of land standing in the names of the respective plaintiffs over part of a way, called Prospect Avenue in that part of the town of Barnstable known as Hyannisport.  The case was decided on a master's report as confirmed after recommittal.  The record is voluminous; the exhibits are 138 in number. We have been greatly helped in our understanding of the dispute by the plaintiffs' diagrammatic analysis, based on the master's report, which traces a succession of deeds and estates, commencing in 1872, from a common owner, resulting in five significant divisions of land now owned by the parties to the present litigation.  All of the deeds made reference to the "1872 plan," a recorded subdivision plan of the common owner, showing lots and ways, including Prospect Avenue.  The master found facts which were mutually consistent and sufficient to support the ruling, implicit in the final decree, that the division deeds created by implication rights of way on Prospect Avenue appurtenant to the land owned by the plaintiffs.  We disregard the defendants' assertions of error in the Superior Court both because they are not properly before us and because we are satisfied that they are lacking in substantial merit.

*Decree affirmed with costs of appeal.*

*James B. Muldoon (John P. Morgan* with him) for the defendants.
*Loring P. Jordan, Jr. (Walter G. Van Dorn* with him) for the plaintiffs.

BUILDING INSPECTOR OF HOLDEN *vs.* JOHN O. JOHNSTONE, JR.  April 2, 1970.  The building inspector appeals from a final decree permitting the defendant to keep on his premises as he had "for several years" one pony for his own use which the judge found was not commercial.  The premises are in a "single-family . . . district."  The judge found that the area "is still a rural area," that there was no evidence of nuisance, that the keeping of one pony would not substantially derogate from the spirit and purpose of the by-law or be detrimental to the public good.  The section of the by-law relied upon by the plaintiff affords no guide in the circumstances.  The holding in *Pratt* v. *Building Inspector of Gloucester,* 330 Mass. 344, 346–347, is not applicable.

*Decree affirmed.*

*Gerard R. Laurence* for the plaintiff.