RINALDO A. SACCO & another *vs.* INSPECTOR OF BUILDINGS OF BROCKTON & others. May 15, 1975. The case was tried on the footing that the two saddle horses were used for recreational purposes, and there was no dispute that the use of the stable as shelter for the horses was subordinate to the principal use for residential purposes of the dwelling on the same lot. The questions for decision were whether such use of the stable (a) served "a purpose *customarily incidental* to the use of the principal building, including swimming pools, tennis courts and other recreational uses" (§ 27-61 of the ordinance; emphasis supplied) and (b) was "*customary*... [and] *incidental* to the principal use" (§ 27-25; emphasis supplied). The petitioners had the negative of those questions (*Winship* v. *Inspector of Bldgs. of Wakefield,* 274 Mass. 380,

Rescript Opinions.

385 [1931]; *Williams* v. *Inspector of Bldgs. of Belmont,* 341 Mass. 188, 192 [1960]), which were ones of fact (*Building Inspector of Falmouth* v. *Gingrass,* 338 Mass. 274, 276 [1959]; *Williams* v. *Inspector of Bldgs. of Belmont,* 341 Mass. 188, 191-192 [1960]; *Harvard* v. *Maxant,* 360 Mass. 432, 439, 440 [1971]). They made no effort to shoulder their burden on the questions. The judge's finding that "[t]here are numerous horse stables maintained by private individuals in residential areas in the City of Brockton" was amply supported by evidence (introduced through one of the interveners) of fourteen other privately owned stables lying within a one-mile radius of and in the same residential zoning district as the locus. His rulings as to the stable's being a permitted use under the ordinance (express as to § 27-25 and implicit as to § 27-61) were in accord with the principles illuminated in *Harvard* v. *Maxant,* 360 Mass. 432, 437-439 (1971). As was the situation in *Building Inspector of Holden* v. *Johnstone,* 357 Mass. 768 (1970), the ordinance in the present case is clearly distinguishable from that considered in *Pratt* v. *Building Inspector of Gloucester,* 330 Mass. 344 (1953). There was no evidence of a nuisance. Compare *Flynn* v. *Seekonk,* 352 Mass. 71, 72-73 (1967).

*Judgment affirmed.*

*Melvin S. Louison (Jerry E. Benezra* with him) for the plaintiffs.

*Joseph I. Sousa,* Assistant City Solicitor, for the Inspector of Buildings of Brockton.

*Robert G. Clark, III,* for the interveners Nicholas P. Petronelli & another, joined in a brief.