LORETTA B. LANGEVIN & others *vs.* SUPERINTENDENT OF PUBLIC BUILDINGS OF WORCESTER & others. November 22, 1977. There was no error in the dismissal of this action seeking to prevent the use of the locus as a slaughterhouse. 1. We agree with the trial judge that the proposed use is one permitted as of right by § 18A(11) of the zoning ordinance: "Manufacture, assembly, *processing,* packaging, or other industrial operations" (emphasis supplied). The meanings of those words, being undefined by the ordinance, are to be determined "according to the common and approved usages of the language." *Jackson* v. *Building Inspector of Brockton,* 351 Mass. 472, 475 (1966), and cases cited. *Seekonk Collision Serv., Inc.* v. *Selectmen of Seekonk,* 4 Mass. App. Ct. 701, 703-704 (1976). So interpreted, the word "processing," at least, is plainly broad enough to include a slaughterhouse operation. See Webster's Third New Intl. Dictionary 1808 (1971), where the first illustration of the word's approved usage given is "[process]ing cattle by slaughtering them." While the activities thereby permitted are subject to two limitations in the clauses immediately following paragraph A(11), of which the first would seem especially pertinent to slaughterhouses ("[a] All resulting . . . fumes, gases, odors, smoke or vapor must be effectively confined to the premises or so disposed of so as to avoid any air pollution"), the plaintiffs do not suggest any violation of those limitations in their brief and, so far as we can discern, offered no evidence in the Superior Court which would have warranted a finding of any such violation. See *Sacco* v. *Inspector of Bldgs. of Brockton,* 3 Mass. App. Ct. 749 (1975). 2. Assuming with the plaintiffs that a slaughterhouse is a "noxious" use as matter of law for purposes of paragraph B(5) of § 18 (see G. L. c. 111, § 151), we are satisfied that paragraph B(5) has no application here. That paragraph appears in subdivision B of § 18 as one of six listed uses which are permitted only upon the grant of a special permit or are prohibited altogether, and reads: "Industrial operations, *not otherwise permitted above,* of a noxious or hazardous nature" (emphasis supplied). By contrast, paragraph A(11) appears in subdivision A of the section which consists of a list of uses permitted as of right. We have already indicated that a slaughterhouse which conforms to the limitations immediately following paragraph A(11) is such a use and hence, one "otherwise permitted above" for purposes of paragraph B(5). To adopt the plaintiffs' argument to the contrary would require our ignoring the bifurcated structure of § 18 and treating the phrase "not otherwise permitted above" as surplusage. See *Hebb* v. *Lamport,*

4 Mass. App. Ct. 202, 207 (1976); *Angus* v. *Miller, ante,* 470, 473 (1977). 3. In view of our disposition of the case, we need not consider the alternative grounds relied upon by the trial judge and the defendants for denying the plaintiffs relief.

*Judgment affirmed.*

*Joseph F. Sawyer, Jr.,* for the plaintiffs.
*Joel P. Greene* for Harry Wiegert & others.
*Bennett S. Gordon,* Assistant City Solicitor, for the Superintendent of Public Buildings of Worcester & another.