RICHARD H. RHOADS & another *vs.* MICHAEL H. BLUME & others. February 16, 1979. The evidence adduced in the Superior Court was insufficient to warrant a finding that pursuit of the occupation proposed to be instituted in the barn would constitute a "use ... clearly incidental and secondary to the use of the premises for residential ... purposes," as required by § V A 9 a of the zoning by-law. See *Needham* v. *Winslow Nurseries, Inc.*, 330 Mass. 95, 101 (1953) ("An incidental ...

use under a zoning law is a use which is dependent on or pertains to the principal or main use"); *Harvard* v. *Maxant*, 360 Mass. 432, 438 (1971). Contrast *Sacco* v. *Inspector of Bldgs. of Brockton*, 3 Mass. App. Ct. 749 (1975). The judgment is reversed, and a new judgment is to be entered which annuls the decision of the board of appeals as in excess of its authority.

*So ordered.*

*John M. Kahn* for the plaintiffs.

require dismissal in these circumstances, it is clear that where there has been a failure to docket the lower court may dismiss when it determines, as it did here, that the appeal is not meritorious. See *Tisei* v. *Building Inspector of Marlborough*, 3 Mass. App. Ct. 377, 379 (1975). Compare *Vyskocil* v. *Vyskocil*, 376 Mass. 137, 139-140 (1978). 2. The plaintiffs' alternative contention is that if they did not satisfy the requirements of Mass.R.A.P. 8(d), their "Substituted Consolidated Bill of Exceptions and Statement of Evidence" constituted a settled statement of the evidence under Mass.R.A.P. 8(c), 365 Mass. 850 (1974). We do not agree. It is the obligation of the appellant to order from the reporter a transcript of the proceedings for inclusion in the record. Mass.R.A.P. 8(b), 365 Mass. 850 (1974). The appellant may prepare and submit a statement of the evidence or proceedings from the best available means, but only "[i]f no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable." As the motion judge found that a transcript of the lower court proceedings "was made and available," the plaintiffs were not entitled to substitute a statement of the evidence under Mass.R.A.P. 8(c). In sum, the plaintiffs' failures to comply with the requirements of Mass.R.A.P. 8 and 10 were adequate grounds to support the dismissal of their original appeals. 3. We note in passing that notwithstanding all the various pleadings the plaintiffs have filed in this matter, they have at no time between July 22, 1974, and the present sought relief in this court under the relevant provisions of Mass.R.A.P. 10(a), as amended, 367 Mass. 919 (1975), or 14(b), 365 Mass. 859 (1974). See *Vyskocil* v. *Vyskocil, supra* at 140-141. Accordingly, the order dismissing the original appeals is affirmed.

*So ordered.*

*William M. Shattuck* for the defendant.
*Louis Kerlinsky*, for the plaintiffs, submitted a brief.