TOWN OF TISBURY & others[1] *vs.* MARTHA'S VINEYARD COMMISSION;
BENCION MOSKOW & another[2], interveners. No. 88-P-925. October 6,
1989. *Zoning,* Agriculture. *Farm.*

   Bencion and Patricia Duff Moskow (the Moskows) applied for a permit
from the town of Tisbury (town) to erect a greenhouse with a 4,000 gallon
fuel tank for the year-round growing of hydroponic fruits and vegetables
on their jointly owned, forty-seven acre farm. The building inspector of
the town referred the application to the Martha's Vineyard Commission
(Commission) because he believed that the proposed development was one
of regional impact. See *Woods Hole, Martha's Vineyard & Nantucket S.S.
Authy.* v. *Martha's Vineyard Commn.,* 380 Mass. 785, 790 (1980). After
two public hearings, the Commission issued a decision approving the appli-
cation subject to various conditions. Although the Moskows agreed to com-
ply with those conditions, the building inspector refused to issue the permit.
Both the planning board and the building inspector (plaintiffs) brought an
action in the Superior Court claiming that the Commission's action was
arbitrary, in excess of its statutory authority, and in violation of the town's
zoning by-law. In regard to the latter claim, the complaint alleged that the
approval by the Commission of the construction of the 4,000 gallon oil
tank conflicted with the local zoning by-law limiting such tanks to 500
gallons.[3]

   The Commission filed an answer. The Moskows then intervened in the
action as defendants and counterclaimed for an order that the town issue a
building permit for the construction of the greenhouse. Later, they moved
for summary judgment on the questions of the propriety of the Commission's
decision and the issuance of the permit. In connection with their motion
the Moskows submitted three affidavits. The town submitted none. The
Moskows argued that, because their farm and the proposed greenhouse with
its fuel tanks were agricultural uses under G. L. c. 40A, § 3, the by-law
restricting the size of fuel storage tanks was not applicable. A Superior
Court judge, after a hearing, issued a memorandum of decision and order

---

[1] The building and zoning inspector and the planning board of Tisbury.

[2] Patricia Duff Moskow.

[3] Section 4.5.10 of the town's zoning by-law provides that for lots, such as the
Moskows' located in residential districts, "[n]o fuel storage tank or container shall
have a capacity greater than 500 gallons . . . ."

affirming the Commission's decision and directed that partial summary judgment be entered on counts one and two of the Moskows' answer and counterclaim.[4]

In his memorandum of decision the judge ruled that the construction of the greenhouse and the appurtenant fuel storage facility constituted an agricultural use; that the Commission properly concluded that the proposed fuel tank was reasonable for its intended farm use; and that, in regard to this particular matter, the by-law limiting the size of the fuel storage tanks would constitute an unreasonable regulation of agriculture in violation of G. L. c. 40A, § 3. The judge concluded that the town was obligated to issue the permit since its only objection to the issuance rested on the fuel storage tank by-law which was not applicable to this situation. There was no error.

General Laws c. 40A, § 3, as amended by St. 1982, c. 40, provides in pertinent part: "[N]or shall any [zoning] ordinance or by-law prohibit, unreasonably regulate or require a special permit for the use of land for the primary purpose of agriculture, horticulture, floriculture, or viticulture; nor prohibit or unreasonably regulate the expansion or reconstruction of existing structures thereon for the primary purpose of agriculture, horticulture, floriculture, or viticulture . . . . " This "agricultural use" exemption has been interpreted broadly by the appellate courts. See *Lincoln* v. *Murphy*, 314 Mass. 16, 18-20 (1943). As a result the courts have allowed many activities to be conducted on land which is being used primarily for agricultural purposes despite conflicting provisions of local zoning by-laws. See *Building Inspector of Mansfield* v. *Curvin*, 22 Mass. App. Ct. 401 (1986) (ruling that c. 40A, § 3, allows the operation of a piggery otherwise prohibited by town by-law); *Steege* v. *Board of Appeals of Stow*, 26 Mass. App. Ct. 970 (1988) (ruling that c. 40A, § 3, allows the operation of a stable and riding school otherwise prohibited by town by-law).

Here, the proposed greenhouse falls squarely within the protection of c. 40A, § 3. General Laws c. 61A, § 2, as appearing in St. 1975, c. 794, § 1, provides that "[l]and . . . used in raising . . . greenhouse products" is deemed to be in horticultural use. See also *Needham* v. *Winslow Nurseries, Inc.*, 330 Mass. 95, 100 (1953) (defining "greenhouse" as "a building principally constructed of glass wherein plants, flowers, and sometimes vegetables are raised for purposes of sale"). Therefore, as a structure furthering an agricultural use, the proposed greenhouse cannot be prohibited or unreasonably regulated.

It is undisputed that the 4,000 gallon fuel tank is an essential component of the Moskows' planned agricultural use of their property. They plan to

---

[4] On June 22, 1988, the Moskows, with the assent of the town and the Commission, moved for entry of final judgment inasmuch as there was no just reason to delay the entry of final judgment as to the decided issues. The judge entered an order for entry of final judgment.

grow fruits and vegetables on a year-round basis. Without heat from the tank in the winter months, the produce being grown within the greenhouse will perish. See *Jackson* v. *Building Inspector of Brockton*, 351 Mass. 472, 476-477 (1966), where the court held that the operation of a manure and fodder drying machine, which was prohibited by a local zoning by-law, was permitted when such machine "has reasonably direct relation to farming operations of its owner."

The judge did not commit error when he concluded that, in the circumstances, the portion of the zoning by-law limiting the size of fuel storage tanks could not be applied to the proposed greenhouse because it would constitute an unreasonable regulation of land used for agricultural purposes in violation of G. L. c. 40A, § 3.[5] While the 500 gallon limitation, applicable to single family dwellings, does not explicitly prohibit the construction of a greenhouse, given the climate in New England and the nature of the agricultural use, its practical effect is a prohibition.[6] See *Cumberland Farms of Conn., Inc.* v. *Zoning Board of Appeal of No. Attleborough*, 359 Mass. 68, 74 (1971) ("[d]e facto prohibition of the expansion of agricultural use of land may not be accomplished by unreasonable regulation"). Further, the record established the dangers and difficulties attending the frequent refilling of a 500 gallon tank during severe winter weather, and, therefore, a larger tank would be safer. Any other concerns of the town about safety as a result of the size of the tank have been met by the judge's order that the permit should be issued subject to the conditions imposed by the Commission. Six of those conditions concerned the size, design and maintenance of the fuel tank.

The plaintiffs' argument that the defendants still must apply to the town's zoning board for a variance lacks merit. There is no question that the Moskows are using their land for agricultural purposes. There is no necessity for a zoning board even to consider a variance for a use that falls within the protective scope of the exemption provided in G. L. c. 40A, § 3.

*Judgment affirmed.*

*Carmen L. Durso*, Town Counsel, for the plaintiffs.

*Richard A. Johnston* for the interveners.

*Michael R. Halley* for Martha's Vineyard Commission.

*Jacob C. Diemert & Dianne R. Phillips* for Massachusetts Farm Bureau, amicus curiae, submitted a brief.

---

[5] The judge's ruling that the by-law was an unreasonable regulation was made independent of the Commission's decision. We therefore do not address the issue raised by the town that the Commission lacked authority to determine whether the Moskows' application was exempt from the zoning by-law.

[6] We emphasize that the judge below did not invalidate the by-law. His decision, as did the Commission's, exempts the Moskows' agricultural use from the effect of the by-law. In all other respects, the by-law remains fully effective in regard to house lots in the relevant town residential district.