KATHLEEN B. HENRY vs. BOARD OF APPEALS OF DUNSTABLE.

No. 92-P-171.

Middlesex. November 16, 1993. - February 8, 1994.

Present: JACOBS, GILLERMAN, & PORADA, JJ.

Further appellate review granted, 417 Mass. 1104 (1994).

*Zoning*, Agriculture, Material removal. *Words*, "Agriculture," "Horticulture," "Incidental."

A Superior Court judge correctly concluded that the proposed removal of 300,000 to 400,000 cubic yards of earth to level a five-acre portion of a thirty-nine acre parcel classified as forest land, in order to make that area suitable for planting and cultivation of Christmas trees, was an agricultural activity under G. L. c. 40A, § 3, not subject to the prohibitions against earth removal contained in a town's zoning by-law. [56-58]

CIVIL ACTION commenced in the Superior Court Department on August 25, 1987.

The case was heard by *Robert H. Bohn, Jr.*, J., on a statement of agreed facts.

*Richard W. Larkin*, Town Counsel, for the defendant.

*Robert J. Sherer* (*Francis A. DiLuna* with him) for the plaintiff.

PORADA, J. The sole issue presented by this appeal is whether the plaintiff's proposed removal of 300,000 to 400,000 cubic yards of earth from a steep hill on her property in order to make that area suitable for the planting and cultivation of Christmas trees is an agricultural activity under G. L. c. 40A, § 3,[1] and, therefore, not subject to the

---

[1]General Laws c. 40A, § 3, as appearing in St. 1982, c. 40, provides in pertinent part: "[N]or shall any [zoning] ordinance or by-law prohibit, unreasonably regulate or require a special permit for the use of land for the primary purpose of agriculture, horticulture, floriculture, or viticulture . . . ."

provisions of the town's zoning by-law. In the plaintiff's appeal to the Superior Court from a decision of the board of appeals of Dunstable (board) denying her a permit for such use, the Superior Court judge determined that the plaintiff's proposed use of her land was in furtherance of an agricultural use and was exempt from the town's zoning by-law under G. L. c. 40A, § 3. We affirm.

The pertinent facts are not in dispute. The plaintiff owns about thirty-nine acres of land on High Street in Dunstable. The land is classified as forest land under G. L. c. 61 and has been under a forestry management plan since about 1983. It is mostly wooded and is characterized by hills and depressions. The entire tract has a history of use for agricultural purposes.

Several years ago, the plaintiff planted approximately 1,000 fir trees of various species on a small, level tract of her land to restore the forest and to begin a Christmas tree farm. The farm is presently in a prototypical cultivation.

After consulting with experts, the plaintiff determined that other areas of her property were suitable for the farming of Christmas trees subject to resolving the problems caused by the steep slopes of the hills on the property. The slopes of the hills would make it difficult for customers in a "cut your own" Christmas tree operation to have easy or safe access to the trees and would make mechanized cultivation of the trees difficult.

At issue in this case is the proposed use of a five-acre portion of the plaintiff's property for the expansion of her Christmas tree farm. The site includes a steep hill, which is an esker. The plaintiff desires to level the hill to meet the general elevation of the adjacent land. She estimates that 300,000 to 400,000 cubic yards of earth would have to be removed to level the land and make it suitable for the planting and cultivation of Christmas trees. She proposes to remove the earth materials at the rate of 100,000 cubic yards annually. Any displaced sand would be used to restore and utilize an old cranberry bog on the property. Loam and topsoil would likewise be reserved for the grading of the leveled

land and the planting of the trees once the necessary excava-, tion was completed.

The plaintiff's lot is located in a zoning district in which agricultural uses are permitted, but commercial earth removal operations or the removal of "significant amounts of earth from any lot" are prohibited. The plaintiff applied for a permit to the board of selectmen to remove the crest of the steep hill on the five-acre tract in order to level the terrain to make it more accessible for customers and more suitable for the mechanized cultivation of Christmas trees. The selectmen denied the permit. The plaintiff appealed the denial to the board which, relying upon the zoning by-law provision prohibiting the removal of significant amounts of earth from a lot, upheld the selectmen's decision.

There is no question that the plaintiff's proposed, future use of this tract of land for the planting and harvesting of Christmas trees is an "agricultural" or "horticultural" use entitled to the protection of G. L. c. 40A, § 3, from the proscription of the town's zoning by-law. Since the words "agriculture" or "horticulture," as used in G. L. c. 40A, § 3, are not defined in the statute, we have given them their usual and accepted meaning, derived "from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions." *Steege* v. *Board of Appeals of Stow*, 26 Mass. App. Ct. 970, 971 (1988). See also *Sturbridge* v. *McDowell*, 35 Mass. App. Ct. 924, 925 (1993). Webster's Third New Intl. Dictionary 44 (1971) defines agriculture as "the science or art of cultivating the soil, harvesting crops, and raising livestock" and defines horticulture as "the cultivation of an orchard, garden, or nursery on a small or large scale: the science and art of growing fruits, vegetables, flowers, or ornamental plants." *Id.* at 1093. A Christmas tree farm would appear to qualify as an agricultural or horticultural pursuit under these definitions.

The more difficult question is whether the plaintiff's earth removal project, which she claims is necessary to prepare her land for the Christmas tree farm, is protected by G. L. c. 40A, § 3. Given the fact that significant amounts of earth

materials will be removed over an extended period of time and sold, the board contends that the plaintiff's use of this site amounts to nothing more than a gravel mining operation, which is neither incidental to, nor primarily or directly related to, an agricultural or horticultural activity. The board relies upon our decision in *Old Colony Council-Boy Scouts of America* v. *Zoning Bd. of Appeals of Plymouth*, 31 Mass. App. Ct. 46, 47-49 (1991). In the *Old Colony* case, we found that a judge was warranted in upholding a board of appeals' decision that the removal of 460,000 cubic yards of fill over a two and a half year period where the excavation would provide substantial funds in excess of the cost of constructing a new cranberry bog, was not a use "incidental to and reasonably required in connection with construction of an approved use," a cranberry bog, under the town's zoning by-law. We said in that case the word "incidental" when used in a zoning context implies that "the use must not be the primary use of the property but rather one which is subordinate and minor in significance." *Id.* at 48, quoting from *Harvard* v. *Maxant*, 360 Mass. 432, 438 (1971). We are of the opinion, however, that the *Old Colony* case is not dispositive of the issue raised in this action, because in that case we focused upon the interpretation to be given to the provisions of the local zoning by-law and did not consider the effect of G. L. c. 40A, § 3, upon the proposed use.

We are of the opinion that the test to be applied is whether the activity constitutes use of the land for an agricultural purpose. In *Tisbury* v. *Martha's Vineyard Commn.*, 27 Mass. App. Ct. 1204, 1205 (1989), we upheld a Superior Court judgment that the town could not prohibit the landowners from erecting a greenhouse with a 4,000-gallon fuel tank, even though the local zoning by-law limited the size of such tanks to 500 gallons, where the tank furthered an agricultural use of the property. Similarly, in a case predating the enactment of G. L. c. 40A, § 3, the Supreme Judicial Court determined that the dehydration (presumably a manufacturing process) of fodder and manure that was raised on the land or produced elsewhere for use on the land could be

considered "farming" or an "accessory use[] customarily in-
cident to" farming under a municipal zoning by-law. *Jack-
son* v. *Building Inspector of Brockton*, 351 Mass. 472, 475,
476-479 (1966). In that case, the court also held that the
dehydration and sale of excess fodder and manure raised on
the land was permissible as part of a permitted farming oper-
ation. *Id.* at 478.

Here, we are of the opinion that the Superior Court judge
was correct in concluding that, where the ultimate objective
of the excavation and removal was to prepare the land for
use as a tree farm, this use was reasonably related to an agri-
cultural use of the land and fell within the protective exemp-
tion of G. L. c. 40A, § 3. The result reached is in accord
with case law from other jurisdictions that have been faced
with the issue of whether an earth removal project fell within
the statutory protection afforded use of land for an agricul-
tural purpose. See *Kendall County* v. *Aurora Natl. Bank
Trust No. 1107*, 170 Ill. App. 3d 212 (1988) (excavation of
pond to irrigate sod that the landowners had already planted
on their property was an agricultural activity exempt from
the county zoning ordinance, despite contention that the
owners intended to mine sand and gravel); *VanGundy* v.
*Lyon County Zoning Bd.*, 237 Kan. 177 (1985) (farmer's
quarrying of rock to construct pond for irrigation purposes
was "agricultural purpose" within meaning of statute prohib-
iting regulation of land used for agricultural purposes and,
thus, exempt from local regulation even though farmer was
able to sell blasted rock as by-product of creating pond);
*Atwater Township Trustees* v. *Demczyk*, 72 Ohio App. 3d
763 (1991)(construction of lake and track was deemed inci-
dental to agricultural pursuit of raising horses and exempt
from local regulation). By this decision, we do not mean to
intimate that the board is precluded from prohibiting the ex-
cavation and removal of earth materials beyond what is
needed for an agricultural use of the land.

*Judgment affirmed.*