1. The undisputed facts. The plaintiff owns the locus in issue, “Lookout Farm,” which it uses for the production and sale of fruit, vegetables, herbs, and livestock, including ostrich, deer, lamb, calves, sheep, goats, chicken, pheasants, peacock, and rabbits. The farm is about 110 to 115 acres and has been in continuous agricultural use for over three hundred years. It is situated in a zoning district in which farms for raising, keeping, and selling certain animals are allowed as matter of right.[1]
Animals raised on the locus are kept for breeding purposes, sold live, or sent off premises for slaughter. The meat and poultry produced by the slaughter are sold at a farmstand located on the locus, sold at either of two restaurants owned by a corporation controlled by the plaintiffs, or sold to other meat and poultry retailers.
In March of 1993, the United States Department of Agriculture approved the plaintiffs application to constmct a slaughtering facility for sheep, goats, rabbits, and poultry on two floors of an existing bam on the locus. To put the size of the proposed project in context: the total of all building square feet on the locus is approximately 50,000, and the slaughterhouse will occupy about 2,610 square feet of the total 14,400 square feet in the bam. Two months after Federal approval of the project, the plaintiff applied for a building permit to alter the barn for the slaughterhouse. The building inspector denied the application on the stated basis that a “slaughterhouse does not comply” with the zoning by-law.
2. Discussion. General Laws c. 40A, § 3, as amended by St. 1989, c. 590, provides in pertinent part: “No zoning ordinance or by-law shall. . . prohibit or unreasonably regulate, or require a special permit for the use, expansion, or reconstruction of existing stmctures thereon for the primary purpose of agriculture, horticulture, floriculture, or viticulture . . . provided that during the months of June, July, August, and September of *818 every year, the majority of such products for sale, based on either gross sales dollars or volume, have been produced by the owner of the land on which the facility is located, except that all such activities may be limited to parcels of more than five acres in area not zoned for agriculture, horticulture, floriculture, or viticulture.”
It is the position of the building inspector and the amicus curiae that the use of words such as “raising” and “keeping” in respect to animals in the statutory and dictionary definitions of “agriculture” is an indication of a legislative intent to exclude the slaughtering and butchering of livestock from agricultural activities. For support, they cite to decisions from foreign jurisdictions.[2] They claim that additional support for their position is found in the fact that slaughterhouses are regulated by the Department of Public Health, see G. L. c. 94, § 120, rather than the Department of Agriculture, see G. L. c. 128.
Starting with the premise that the “ ‘agricultural use’ exemption has been interpreted broadly by the appellate courts,” Tisbury v. Martha’s Vineyard Commn., 27 Mass. App. Ct. 1204, 1205 (1989), and tracking the analysis used in Building Inspector of Mansfield v. Curvin, 22 Mass. App. Ct. 401 (1986), the Land Court judge reached the opposite conclusion. See Steege v. Board of Appeals of Stow, 26 Mass. App. Ct. 970 (1988). We see no error in the Land Court judge’s reasoning and adopt it as our own.
Various statutes (see, e.g., G. L. c. 61A, § 1; G. L. c. 111, § 1; G. L. c. 128, § 1A) as well as dictionaries (see, e.g., Webster’s Third New Inti. Dictionary 44 [1993]; Black’s Law Dictionary 68 [6th ed. 1990]) defining “agriculture” include within their definitions the activity of preparing animals for market. We think it reasonable to regard the slaughter of animals as a normal and customary part of preparing them for market. It then follows from the acceptably broad definitions of the word “agriculture” that a slaughterhouse used for the butchery of animals raised on the premises is primarily agricultural in purpose.
Our conclusion does not conflict with Langevin v. Superintendent of Pub. Bldgs. of Worcester, 5 Mass. App. Ct. 892 (1977). The narrow holding of that case, that the term “processing” was broad enough to bring a slaughterhouse operation within the scope of the zoning ordinance which permitted as of right the “[m]anufacture, assembly, processing, packaging, or other industrial operations” within a particular district, does not compel the conclusion that the on-site processing or slaughtering of animals raised on the premises cannot be an agricultural activity. See Deutschmann v. Board of Appeals of Canton, 325 Mass. 297, 301 (1950). The fact that an activity, such as slaughtering, can become an industrial or business use when removed from an agricultural setting does not mean that activity cannot be primarily agricultural in purpose when it has a reasonable or necessary relation to agricultural activity being conducted on the locus. See Jackson v. Building Inspector of Brockton, 351 Mass. 472, 478 (1966). Further, the fact that slaughterhouses are regulated by the Department of Public Health, see G. L. c. 94, § 120, rather than the Department of *819 Agriculture, see G. L. c. 128, is of no relevance to a determination of whether the slaughtering is being done for an agricultural or industrial purpose.
Nicola Favorito for the defendant.
Joel Lewin (Jeremy Ritzenberg with him) for the plaintiff.
Herbert W. Vaughan & Charles P. Kindregan for Lookout Ridge Improvement Association, Inc., amicus curiae, submitted a brief.
The record gives no support to the building inspector’s concern that the plaintiff intends to slaughter animals other than those raised on the locus. The judgment itself limits the permissible scope of that activity to livestock raised on the premises. Moreover, “[cjonditions may be placed on a building permit to prevent its use for unlawful purposes.” Kirker v. Board of Appeals of Raynham, 33 Mass. App. Ct. 111, 115 (1992).

Judgment affirmed.

 It is unnecessary to discuss those decisions because, as noted by the Land Court judge, they are readily distinguishable on the basis of their facts and the applicable statutory provisions.